The defendant was found guilty, and upon being brought up to receive judgment, the following reasons in arrest were offered by his counsel:
1. That the county court of Rutherford had returned to the (268) Superior Court of the same county forty jurors as a venire, whereas they had authority by law to return only thirty; and that the grand jury who found the bill were composed out of the venire so improperly returned. *Page 207 
2. That John Hardcastle was a juror on the coroner's inquest, and also one of the grand jury by whom the bill was found.
3. That the transcript sent from one court to the other does not show that the bill was either found upon evidence under oath or that any witness was sworn and sent to the grand jury.
The act of Assembly specifies the number of jurors which shall be returned to the Superior Courts, and is directory to the county courts in that respect, but is wholly silent as to the legal effect of returning a greater number. We must, therefore, have recourse of those principles of construction and modes of proceeding which have always been applicable to analogous cases; and none can be more strictly so than when there have been causes of challenge, either to the array or the poll, which the party indicted did not avail himself of upon his arraignment, but withheld to a subsequent stage of the proceeding. Such instances have often occurred in the practice of this State, and the decisions, as far as they are known or remembered, have uniformly overruled the objections, upon the principle that where the law has given the party a full opportunity of bringing forward his objections, and ascertained the period when they shall be disclosed, he ought not to be heard at a future time.
The extent of this principle, the justice and necessity of its observance, and the decisive application it has to many branches of the law, may be illustrated by various examples: as in challenges, he who has several must take them all at once; after one hath taken a challenge to the poll, he cannot challenge the array. Co. Litt., 58. If a (269) party has a cause of challenge which he knows of before trial, and does not take it, he shall not have a new trial. 11 Mod., 119. In pleading, if the defendant plead to the writ, he loses the benefit of a plea to the person. Ibid., 303, a. In the trial of right, after money has been paid under legal process, it cannot be recovered back again, however unconscientiously retained by the defendant. 7 Term, 269; 2 H. Bl., 414. The Statute of West. 2, C., 1, enacts that all fines contrary to that act shall be null, yet it has been construed to mean only voidable by some legal proceeding. 4 Term, 600.
With respect to the qualification of jurors, the Statute of West. 2, C. 38, directs the sheriff not to summon men who are sick, aged, or not dwelling within the county. Yet, if they were summoned, and did appear, they could not be challenged by the party, nor could they excuse *Page 208 
themselves from not serving, unless there were enough without them (2 Inst., 448), though certainly these were as unlawful jurors as the number above thirty in the present case.
But the Statute of 11 H. 4, C. 9, after prescribing the qualification of jurors, and the manner of their return, expressly declares that indictments found by persons disqualified in the statute shall be void. The strong expressions are, "that the same indictment so made, with all the dependence thereof, be revoked, annulled, void, and holden for none forever." It has been observed by Lord Coke that the safest way for the party indicted is to plead, upon his arraignment, the special matter given him by this statute for the overthrow of the indictment, with such averments as are by law required, and to plead over to the felony. For this he cites Brooke's Abridg., Indict., 2. We have examined the passage referred to in Brooke, which, though written in the strange dialect of that day, is, if we rightly understand it, more explicit. His words are, which for the sake of authenticity we extract in the original: q ou homeest indite de fel' p ceux dont part sont indites ou ult' de fel', et antacquite p pdn, issint q ils ne sont probi nec legales homenes, ideo fuit agard que les inditemts p eux present sera void, et les parties q(270) sont indites ne sera arraignes sur ceo, et nota q cest matter doet estr pledr p cesty q est err sur cest inditemt devant que il plede alfelony, et felon arraign sur inditemt ne sera suffer de relinquer generalpardon p parliant et de pleder al felon. The meaning of this we take to be that "Where a man is indicted of felony by those a part of whom have been indicted or outlawed of felony, and have been acquitted by a general pardon, so that they are not good and lawful men; therefore, it was agreed that the indictments by them presented shall be void, and the parties who are indicted shall not be arraigned on them; and note that this matter ought to be pleaded by him who is arraigned on such indictment before he pleads to the felony, and the felon arraigned on the indictment shall not be suffered to relinquish the general pardon by Parliament, and to plead to the felony." And this seems to be the method in which objections to the grand jury, arising under the statute, have always been taken, first by way of plea, and, if that is overruled, pleading over to the felony. Wm. Jones, 98. Or, as it is said in some books, pleading the objection to the indictment, and, at the same time, pleading over to the felony. Hawkins Indictment, sec. 26.
At common law, whatever were good exceptions to a grand jury must have been taken before the bill found. Bac. Abr., Juries, A. And as to those objections which arise out of the several statutes, it is the better opinion that they are not allowable unless they are taken before trial.Ibid. We are therefore of opinion that the reasons of all the decisions *Page 209 
apply with increased force to the case under consideration; and that whatever weight there might have been in the objections to the grand jury, if taken at a proper stage of the proceeding — upon which, however, it is not necessary that we should give an opinion — it is now too late for them to prevail.
As to the third reason, it does not seem necessary to say more than that sufficient appeared upon the transcript to warrant the trial of the prisoner. The bill was found a true bill by the grand jury, and was pleaded to, and it cannot be presumed that it was found without evidence.
I am directed by the Court to say that all the reasons in arrest are overruled. (271)
NOTE. — See S. v. Lamon, 10 N.C. 175; S. v. Kimbrough, 13 N.C. 430;S. v. Roberts, 19 N.C. 540.
Cited: S. v. Seaborn, 15 N.C. 311, 319; S. v. Davis, 24 N.C. 160.