It appears to me, that the first reason offered by the prisoner, in arrest of judgment, must be overruled. The objection that there is a variance between the names of the jurors contained in the originalvenire, and the names on the list of grand jurors, ought to have been taken by a motion to quash the proceedings, or by a special plea, before the trial of the issue in chief, made up on the plea of not guilty. And so ought the objection to the organization of the grand jury, likewise to have been taken before a trial in chief was had. (319) This point has been determined in the case of S. v. McEntire, 4 N.C. 267. In that case, the first objection was that forty instead of thirty jurors, the real number, were drawn on the originalvenire, out of which were taken the grand jury, that found the bill of indictment. Secondly, that one of the grand jurors had previously been a juror in the inquest held over the body of the deceased, and had given an opinion in the case. The Court said, these objections came too late by way of a motion in arrest of judgment, after a verdict of guilty on a trial in chief, and they were overruled. The Superior Courts, are supposed to do every thing in the prescribed manner and form in which the law has appointed it to be done by them. (S. v. Kimbrough, 13 N.C. 431.) We should, therefore, if it were necessary to come to any determination on the second branch of the first objection, say, that the word "elect" was to be construed to mean the same thing as "drawn," and that the act of Assembly was complied with. I am of opinion, that if the case was one now open for a motion to amend any *Page 261 
of the mistakes of the clerk, in transcribing the record of the case, which was sent from Wake to Cumberland, the motion ought to be granted. It is asserted in this Court that the man named Joel Jones on the grand jury, is the same person whom the clerk has mistakenly named Joes Jones, in the transcript of the record sent to Cumberland. That the final letter of his Christian name had been by mistake changed from an "I" to an "s," and a motion is now made to permit the Clerk of the Superior Court of law for Wake County, to produce to the Court the original venire, that we might inspect it, and here order an amendment, according to the original. The ministerial acts of the clerk, I think, may be amended at any time, according to the common law. 1 Chitty, C. L., 274; 1 Saund., 247, 251; 3 Mod., 167; 4 East, 175. This Court has heretofore required, that a list of the names of the grand jury that find a bill of indictment, shall be inserted in the record sent up here; that it might appear, if judgment was pronounced, it was on the finding of both a grand and petit jury. According to the modern practice in England, neither the (320) names of the original venire nor of the grand jurors compose any part of the return to a writ of certiorari into the King's Bench. King v. Darly, 4 East, 175. This practice is contrary to the advise of Lord Hale, 2 Hale, 165, 166; 1 Chitty, C. L., 167. This Court follows the advice of Hale, as was determined in S. v. Curry. But it seems to me, that the record in this case does not want any amendment; the defects are waived, by the prisoner going to trial on the plea of not guilty to the indictment.
The second reason in arrest is, that the affidavit made to obtain an order of removal, did not contain facts sufficient to warrant the Judge to order the case to be removed. I think the question, whether the affidavit contained such facts as would warrant the Court to remove the cause, was to be determined solely by the Court to whom the affidavit was exhibited. Whether the facts sworn to in the affidavit were sufficient or not, we are not now to inquire. We see that there was an affidavit made, and that by the prisoner himself, to remove the cause, and an order entered and made part of the record, that the case should be removed to the county of Cumberland for trial.
I am aware of S. v. Twitty, 8 N.C. 248. That case was decided without the Court considering that the affidavit was in fact, nothing more than written evidence on which a motion to change the venue was to be predicated, and that it composed no part of the record. By the common law, when a fair and *Page 262 
impartial trial cannot be obtained in the county where thevenue is laid and the indictment has been removed into the King's Bench by certiorari, the Court has the power of directing the trial to take place in the next adjoining county when justice requires it. And, therefore, when a suggestion is entered by leave of the Court upon the roll, that a fair and impartial trial cannot be had in the county where the venue is laid, the Court will award the trial to be had in an adjoining county. The suggestion when once entered is not traversable; and, (321) therefore, the Court will require very strong evidence of probable unfairness before they will allow it to be entered (1 Chitty, C. L., 166.) The affidavits, upon which the Court of B.R. is induced to make the suggestion on the roll, do not compose any part of the record. I know of no case where a writ of error has ever been brought in the House of Lords, assigning error in the preparatory affidavits, upon which the suggestion upon the roll was obtained, for the purpose of changing the venue. The affidavits contain evidences of facts, and are placed on file like a deposition, and compose no part of the record. I apprehend the rule is the same in this State, under our acts of Assembly of 1806 and 1808.
The third reason is, that there never was any order for the removal of the cause to the Superior Court of Law to be held for the county of Cumberland, on the 6th Monday after the 4th Monday of March, 1833, which was the style of the Superior Court of Cumberland, and its stated session.
After a suggestion was entered, that a fair and impartial trial could not be had (which in this case was done by the clerk spreading on the record as a suggestion, the affidavit which had been made by the prisoner), the Court ordered and directed, "that the said cause be removed to the county of Cumberland for trial, to be had in the said Court, to be held for said county, on the 2d Monday after the 4th Monday in April."
By Laws 1806, c. 1, § 12, the Judge "is authorized to order a copy of the record of said cause to be removed to some adjacent Court for trial." The order that was made in this case, appears to me to comprehend a removal of the cause for trial into the Superior Court of Law for the county of Cumberland, to be held on the 6th Monday after the 4th Monday of March, 1833. The "said Court" means by necessary amendment, the Superior Court of Law for the county of Cumberland — no other court in that county has, or could (322) have jurisdiction of a cause of this description, or had its sittings at that time. The times when the Superior Court of Law for the county of Cumberland holds its sittings, are fixed by a public law. *Page 263 
I am not prepared to say that any time was necessary to be described in the order of removal. I am disposed to think, the bare order of removal of a cause to another county for trial, would by operation of law, remove it into the next term of the Superior Court of Law of the county, to which the order directed it. The time mentioned in the order of removal, being different from the time fixed by law for holding the court, is only surplusage, and shall not vitiate the proceedings that took place in the Superior Court of Law for the county of Cumberland, which Court was held at the time fixed by law.
The fourth reason in arrest is, because the indictment is not sufficient to authorize a judgment of death. Arson, in feloniously burning a dwelling house, is a crime punishable with death. The prisoner is not entitled to the benefit of clergy. Lord Coke, on one side, and Lord Hale with JudgeFoster, on the other, differ as to which of the acts of Parliament take away clergy from those who commit offenses of this description, yet they all agree, that clergy is taken away, and the punishment is death. (Powlter's case, 11 Co., 39; Foster, 307.)
On examining the whole case, I am unable to perceive any error in the charge of the Judge to the jury. Therefore, there is no ground for a new trial. I am unable to discover any errors or defects in the record, which can avail the prisoner, after general verdict of guilty. I am, therefore, of the opinion, that the order made in this case by the Superior Court of Law, arresting the judgment should be reversed, and a procedendo issue to the Judge of the Superior Court of Law for the county of Cumberland, to pass sentence of death on the prisoner.
PER CURIAM. Judgment reversed.
Cited: S. v. Christmas, 20 N.C. 548; S. v. Davis, 24 N.C. 160; S. v.Martin, Ib., 120; S. v. Barfield, 30 N.C. 353; S. v. Upchurch, 31 N.C. 462;Sparkman v. Daughtry, 35 N.C. 171; S. v. Hill, 72 N.C. 351; S. v.Haywood, 73 N.C. 438, 440; S. v. Griffice, 74 N.C. 318; S. v. Davis,80 N.C. 413; Phillips v. Lentz, 83 N.C. 243; Boyden v. Williams,84 N.C. 610; S. v. Watson, 86 N.C. 625; Emery v. Hardie,94 N.C. 789; S. v. Sharp, 110 N.C. 605, 607; S. v. Perry,122 N.C. 1022; S. v. Daniels, 134 N.C. 648; S. v. Paramore,146 N.C. 607. *Page 264 
(323)